SENTELLE, Chief Judge,
dissenting:
Briefly put, I would affirm the decision of the district court because I believe the district court’s decision is exactly correct. I will not belabor the facts, as they are set out by the majority above and are readily available in the district court’s opinion. See Del Monte Fresh Produce Co. v. United States, 565 F.Supp.2d 106, 108-09 (D.D.C.2008). In summary, appellants filed this action seeking a judgment declaring that the Office of Foreign Assets Control (OFAC) unlawfully withheld or unreasonably delayed issuance of a single license for food shipments to Iran in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(1). Appellants filed that complaint on November 28, 2007; appellants received the license on November 29, 2007.
As the district court stated, “ ‘[i]f events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.’ ” Del Monte, 565 F.Supp.2d at 110 (quoting McBryde v. Comm, to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the U.S., 264 F.3d 52, 55 (D.C.Cir.2001)). Since it is apparent that this case falls within that description, the district court rightly entered a judgment of dismissal for lack of jurisdiction, by reason of mootness.
Granted, appellants argue that this case falls within one or both of two discrete exceptions to the mootness doctrine—“capable of repetition yet evading review” and “voluntary cessation.” To allow this case to go forward based on either of those exceptions is to allow the exception to swallow the mootness doctrine.
As the district court reminded us, “[t]he ‘capable of repetition yet evading review1 exception ‘applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the [alleged wrong is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same [alleged wrong] again.’ ” Id. at 112 (quoting Spencer v. Kemna, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). The action sought relief as to delay on one license. That license has been issued. The Trade Sanctions Reform and Export Enhancement Act cannot delay the issuance of that license any more. The case is moot. Any possible future licenses may or may not be delayed; indeed, may or may not be sought, and may or may not be issued. In some sense, any action is capable of repetition. Certainly, the grant or delay of grant of any license can recur. There is nothing exceptional about the current circumstances to differentiate it from the grant or delay of grant of any other license. Such a case can become moot. It does not automatically fall within the capable of repetition yet evading review exception.
*327 The most that appellants point to in arguing for application of the exception is that OF AC has been slow in granting previous licenses. The Supreme Court has told us repeatedly “that past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy.” City of Los Angeles v. Lyons, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). That is all appellants offer here. The relief sought had been granted before the complaint even reached the judge. The preexisting controversy was therefore moot. The district court correctly dismissed the case. There was no showing that the alleged wrong was likely to recur.
Appellants also rely on the “voluntary cessation” exception to the mootness rule. Such an exception, perhaps even rarer than the capable of repetition exception, applies when a defendant has voluntarily stopped the transaction, but may “return to [its] old ways.” United States v. W.T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). It does not apply where “ ‘there is no reasonable expectation ... that the alleged violation will recur’ and ... ‘interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.’ ” Del Monte, 565 F.Supp.2d at 113 (quoting Doe v. Harris, 696 F.2d 109, 111 (D.C.Cir.1982)).
The district court correctly ruled that this exception is unavailable for multiple reasons. First, the exception is designed to prevent a defendant from “rendering a case moot through manipulative unilateral action after the case is filed.” Id. (citing United States v. W.T. Grant Co., 345 U.S. at 632, 73 S.Ct. 894, 97 L.Ed. 1303). In this case, although Del Monte did not learn of the grant of its license until after it had filed the lawsuit, responsible OF AC officials signed the license six days prior to the filing of the complaint. Therefore, the exception is inapplicable at the outset. Even if the exception otherwise applied, appellants have failed to bring this case within it, in that they have shown no reasonable expectation that the alleged violation will recur, and events have completely eradicated the effects of the delay in the issuance of the license.
In short, I would affirm the decision of the district court. I therefore respectfully dissent.